By the Court.
 

 Merritt A. Vinson was indicted and convicted of perjury in the court of common pleas of Cuyahoga county. That judgment was affirmed by the Court of Appeals. He now prosecutes error here. The state claims that perjury was committed by Vinson in making oath to an annual report to the state superintendent of build-ing and loan companies of the Municipal Savings & Loan Company of Cleveland, showing the status of that company’s affairs December 31, 1923. The perjury relates entirely to one item in the report, and that a cash item.
 

 On December 31, 1923, and after the close of banking hours, the Representative Realty Company gave to the Municipal Savings & Loan Company its check on the Cleveland Trust Company for
 
 *305
 
 $139,500. The check was given to pay several loans which the Municipal Company had against the Representative Company. The check could not be presented to' the trust company until the next business day, January 2, 1924. It was a fact, as developed later, that on the day this check was given the credit balance of the Representative Company in the Cleveland Trust Company was only $16,000 in round figures.
 

 The Representative Company was one of the heaviest borrowers of the Municipal Company and had been so for many years, during which time hundreds of thousands of dollars of loans and repayments of loans had passed between the two institutions. Never before the date on which this check was given had any check given by the Representative Company to the Municipal Company been dishonored by the bank on which it was drawn. On December 31, 1923, and on January 2, 1924, as well, the Representative Company had a credit balance in its favor on the books of the Municipal Company of about a half million dollars, with respect to which it was authorized to draw checks for any sum not exceeding the credit of the account at any time. On January 2, 1924, and before the check of $139,500 had been sent to the Cleveland Trust Company by the Municipal Company, the Representative Company drew against its credit balance on the books of the Municipal Company for $140,000, and a check for this amount was sent to the Cleveland Trust Company on that day for the purpose of increasing the credit balance of the Representative Company with the Trust Company by $140,000, and thereby placed the ac
 
 *306
 
 count in such state as to meet the other check of $139,500 when it was presented.
 

 It is the claim of the state that this check of $139,500 was a mere subterfuge and not given in good faith, and that it was in fact paid by the $140,000 check above mentioned, and that that $140,000 was in fact the money of the Municipal Savings & Loan Company, and that these two checks, taken together, accomplished a complete misrepresentation to that extent with respect, to the amount of cash on hand, as shown by the report verified by Vinson. We see nothing in the record to justify any such claim. The credit balance to the Representative Company on the books of the Municipal Company was a liability of the Municipal Company subject to check at any time by the Representative Company. There was nothing unusual or improper in the action of the Representative Company in drawing against its credit balance with the Municipal Company to cover a check for a similar amount that it had already given to the Municipal Company, in order to make its credit balance with the Trust Company sufficient to take care of the other check when it came in. Vinson treated this check, in making the report, as cash, and we perceive no reason why he should not have done so. The check was perfectly good against the drawer of it, regardless of whether the drawer had money enough to his credit with the Cleveland Trust Company to take care of the check or not, for the simple reason that the credit balance of the drawer at that time on the books of the Municipal Company greatly exceeded the amount of this check for $139,500. Had the check
 
 *307
 
 been thrown out when presented at the Trust Company, the Municipal Company would have completely protected itself by charging the amount back against the credit balance of the Representative Company on its own books. There was no way in which the rights and interests of the Municipal Company, with respect to this check that it had received for the cancellation of loans aggregating the same amount, could possibly be jeopardized by the taking of the check. Every reason existed why this check should have been treated by Vinson as cash in hand as of that day. Technically, it was not money, but it was clearly the equivalent of money, and it was completely covered before it was presented to the Trust Company by the other check of $140,000. In view of the facts clearly established by the evidence offered by the state itself with respect to these cheeks, and the credit balance between the parties, it is amazing, indeed, that any indictment for perjury was returned against Vinson by reason of his having treated this check as a cash item.
 

 The credit balance to the Representative Company on the books of the Municipal Company had no relation to the amount of money on hand on December 31, 1923. The Representative Company could have checked out the whole of their credit balance of January 2, 1924, with the Municipal Company had it seen fit so to do, and transferred the entire balance to the Cleveland Trust Company. Had Vinson known, when the Municipal Company received this check for $139,500, that the credit of the Representative Company on the books of the Trust Company was not then sufficient
 
 *308
 
 to take care of this check, he had every reason to believe from the long-continued dealings between the parties, that that account would be made sufficient by the Representative Company in time to take care of this check on the next business day, and he knew of the very large credit to the Representative Company on the books of the Municipal Company which completely covered and protected the situation.
 

 The judgments of the lower courts will be reversed, and judgment in favor of Yinson will be entered in this court.
 

 Judgments reversed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.